UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDEON ALEXANDER                                                          CIVIL ACTION

VERSUS                                                                              No. 23-2566
                                                                                    c/w 23-7278
                                                                                    REF: ALL CASES

INTRACOASTAL TUG
AND BARGE COMPANY, L.L.C.                                                   SECTION I

### ORDER

Before the Court is a motion[1] to bifurcate the trial in this consolidated matter filed by Intracoastal Tug and Barge Company, LLC ("Intracoastal"), together with Navigators Insurance Company, Ascot Insurance Company, and Mitsui Sumitomo Insurance USA, Inc. (collectively, "the Intracoastal Interests"). The Intracoastal Interests are defendants in the above-captioned matter. Intracoastal is the petitioner in a separately filed limitation action[2] pursuant to 46 U.S.C. § 30529. Plaintiff Brandeon Alexander ("Alexander") opposes the motion.[3] The Intracoastal Interests filed a reply.[4] For the following reasons, the Court denies the motion.

### I. BACKGROUND

This consolidated matter arises from personal injuries that Alexander suffered on the M/V CALIFORNIA CHROME during the course and in the scope of his employment with Intracoastal.[5] Alexander filed this lawsuit alleging claims for Jones

---

[1] R. Doc. No. 82.
[2] E.D. La. Case No. 23-7278.
[3] R. Doc. No. 83.
[4] R. Doc. No. 88.
[5] R. Doc. No. 1, ¶¶ 3, 5.

Act negligence, unseaworthiness, and maintenance and cure.[6] Intracoastal subsequently initiated a limitation action in a separate proceeding.[7] Pursuant to Federal Rule of Civil Procedure 42(a), the Court exercised its discretion and consolidated the limitation action into Alexander's initially filed lawsuit.[8] All the parties have filed a joint stipulation as to the value of the M/V CALIFORNIA CHROME and pending freight.[9]

The Intracoastal Interests now move to bifurcate the trial pursuant to Rule 42(b). They propose that the Court hold a bench trial with respect to the limitation action (including liability and apportionment of fault) and then, should the Court deny limitation, hold a jury trial for the issues remaining with respect to Alexander's claims at a later date.[10] On the other side, Alexander contends that both his claims and Intracoastal's right to limitation should be submitted to a single jury.[11]

## II. STANDARD OF LAW

Federal of Civil Procedure 42(b) allows federal district courts to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcation is only permitted if it would "preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). The Fifth Circuit has "warned that bifurcation is not the usual course that should be followed, and that the issue to be tried must be so distinct and separable

---

[6] *Id.* ¶¶ 2, 6, 10.
[7] E.D. La. Case No. 23-7278, R. Doc. No. 1.
[8] R. Doc. No. 17.
[9] R. Doc. No. 85.
[10] R. Doc. No. 82-1, at 2–3.
[11] R. Doc. No. 83, at 8.

from the others that a trial of it alone may be had without injustice." *Sims v. City of Jasper*, 117 F.4th 283, 288 (5th Cir. 2024) (internal quotation marks and citation omitted).

Bifurcation is a "case-specific procedural matter." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018). Accordingly, "courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate." *Archer Daniels Midland Co. v. M/T AMERICAN LIBERTY*, No. 19-cv-10525, 2020 WL 1889123, at *2 (E.D. La. Apr. 16, 2020) (Vance, J.). The decision to bifurcate is "within the sole discretion of the trial court." *Sims*, 117 F.4th at 288 (citation omitted).

### III. ANALYSIS

This motion concerns the inherent conflict between the procedures employed in a limitation action and those employed with respect to the adjudication of Alexander's Jones Act claim. On the one hand, limitation actions are conducted by bench trial. "In these proceedings, the court, sitting without a jury, adjudicates the claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). The court determines whether the vessel owner is liable, whether the owner may limit liability, the validity of the claims and, if liability is limited, the distribution of the limited fund among the claimants. *Id.* On the other hand, the Jones Act explicitly confers upon plaintiffs "the right of trial by jury." 46 U.S.C.A. § 30104(a). Significantly, Alexander's statutory right to a trial with respect to his Jones Act claim also applies

3

to Alexander's claims both for unseaworthiness and for maintenance and cure because all three claims arise out of a single transaction or accident. *See Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 19 (1963); *see also In re the Matter of Marquette Transp. Co. Gulf-Inland, LLC,* No. 13-cv-6351, 2014 WL 6389978, at *3 (E.D. La. Nov. 13, 2014) (Brown, J.) (stating that the claimant enjoyed a right to a trial by jury on his Jones Act, unseaworthiness, and maintenance and cure claims). Therefore, Alexander enjoys a federal right to a jury trial as to all his claims.

Although the Jones Act explicitly confers a right to a trial by jury, it does not override the procedures of the limitation action. *See In re E. River Towing Co.*, 266 U.S. 355, 368 (1924). As a result, district courts enjoy the power to "adjudicate the whole case and grant full relief even though limitation is denied." *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960).

However, the procedures of the limitation action are not absolute commands and may yield when countervailing interests, such as the right to a jury trial, would otherwise be negated. For example. this principle most clearly applies when the limitation action serves to stay proceedings initiated in state court consistently with the saving-to-suitors clause of 28 U.S.C. § 1333(1). *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001) (holding that district courts enjoy the discretion to stay or dismiss a limitation action to allow a suitor to pursue his claims in state court so long as it finds the petitioner's right to limitation will be adequately protected).

Although neither the Supreme Court nor the Fifth Circuit has instructed federal district courts how to reconcile the tension between the Jones Act right to a

jury trial and the limitation action, other sections of this Court, out-of-circuit courts, and treatises have considered ways to vindicate the Jones Act right to a jury trial and the limitation right. *See Marquette Transp.*, 2014 WL 6389978, at *4–5. Of particular note to the Court is a two-part procedure, variations of which were adopted by other sections of this Court. *See, e.g.*, *Marquette Transp.*, 2014 WL 6389978, at *5; *Matter of Complaint of L.L.P.&D.*, No. 97-cv-1668, 1997 WL 563999 (E.D. La. Sept. 8, 1997) (Clement, J.); *Seals v. AWI, Inc.*, No. 89-cv-4739, 1992 WL 28064, at *1 (E.D. La. Feb. 4, 1992) (Heebe, J.). Pursuant to this procedure, the plaintiff's Jones Act and related claims are tried to a jury, and the remaining issues as to petitioner's right to limitation of liability is tried to the judge. *See Matter of L.L.P.&D.*, 1997 WL 563999, at *2.[12]

Upon consideration of the particular facts of this case, the Court finds that the procedure proposed by the Intracoastal Interests is inconvenient, inexpedient, and uneconomical. It would require this Court to hold two trials, requested on separate dates, when both Alexander's right to trial by jury and Intracoastal's right to limitation can be vindicated within a single trial on the same date.[13] Accordingly, the Court declines to exercise its discretion to bifurcate the trial as requested by the Intracoastal Interests.

---

[12] Although the Fifth Circuit has never directly addressed the propriety of this procedure, its caselaw is "replete" with appeals from jury verdicts without any signal of disapproval. *See In re Complaint of Seabulk Offshore, Ltd.*, No. 97-cv-2120, 1999 WL 299015, at *1 (E.D. La. May 11, 1999) (Berrigan, J.).

[13] If the jury should find for the Intracoastal Interests as to Alexander's Jones Act, unseaworthiness, and maintenance and cure claims, then there will be no need to adjudicate Intracoastal's right to limitation.

## IV. CONCLUSION

In light of the foregoing reasons,

**IT IS ORDERED** that the motion filed by the Intracoastal Interests to bifurcate the trial is **DENIED**.

New Orleans, Louisiana, January 14, 2025.

                                         **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**